UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NUMBER: 07-179

TY PAYTON                                       SECTION: "B"(5)


                         **ORDER AND REASONS**

    Before the Court is a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" filed by defendant, Ty Payton. (Rec. Doc. No. 393). On March 5, 2008, Payton pleaded guilty to a conspiracy to use and carry firearms during a violent carjacking and to two carjacking counts. On July 30, 2008, he was sentenced to 210 months on the conspiracy count and two concurrent 180-month sentences on the carjacking counts. He appealed the sentence to the United States Fifth Circuit. On June 9, 2009, the Fifth Circuit issued its mandate affirming the sentence. (Rec. Doc. No. 254).

    In October 2009, Payton filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Rec. Doc. No. 256). In that motion, he raised the following grounds for relief:

    1)  The court erred by considering his criminal record
        of arrest that did not result in conviction; and

    2)  The court failed to consider mitigating factors
        (related to Payton's mental health issues) in
        imposing sentence.

That petition was dismissed with prejudice by Judgment entered December 11, 2009. (Rec. Doc. No. 269). Defendant appealed the

judgment. The United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability. (Rec. Doc. No. 350).

The instant § 2255 motion is Payton's second attempt to vacate his conviction and sentence. To support his challenge, Payton asserts the following grounds for relief:

1) He was denied effective assistance of counsel based on the newly recognized rule in <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012) and <u>Lafler v. Cooper,</u> 132 S.Ct. 1376 (2012).

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255.[1] In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

[1] The Fifth Circuit Court of Appeals in <u>In Re: Richard M. King, Jr.</u>, 697 F.3d 1189 (5th Cir. 2012), in the context of a successive §2254 application, stated "we agree with the Eleventh Circuit's determination in <u>In Re Perez</u>, 682 F.3d 930, 933-34 (11th Cir. 2012), that <u>Cooper</u> and <u>Frye</u> did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Ty Payton's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

New Orleans, Louisiana, this 18th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE